Opinion filed September 24, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September
24, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00078-CV

                                                    __________

 

 ADOBE OILFIELD SERVICES, LTD.; ADOBE IRONWORKS, LTD.;
ADOBE DRILLING SERVICES, LTD.; AND ADOBE TRUCKING, INC.,

                                                      Appellants

 

                                                             V.

 

                      PNC
BANK, NATIONAL ASSOCIATION, Appellee

 



 

                                          On
Appeal from the 70th District Court

                                                           Ector
County, Texas

                                                Trial
Court Cause No. A-126,942

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an accelerated appeal from an order for temporary injunction against Adobe
Oilfield Services, Ltd. and Adobe Ironworks, Ltd. (the restrained parties).[1] 
PNC Bank, National Association, has filed in this court a motion to dismiss the
appeal as moot.  The motion is well taken, and the appeal is dismissed.








Appellate
courts are prohibited from deciding moot controversies.  A case becomes moot if
at any stage there ceases to be an actual controversy between the parties.  Nat=l Collegiate Athletic Ass=n v. Jones, 1 S.W.3d
83, 86 (Tex. 1999); Parr v. Stockwell, 322 S.W.2d 615, 616 (Tex. 1959). 
When a temporary injunction becomes inoperative due to a change in status of
the parties or the passage of time, the issue of its validity is also moot.  Jones,
1 S.W.3d at 86.  An appellate court decision about the validity of a temporary
injunction under such circumstances would constitute an impermissible advisory
opinion.  Id.

In
its order, the trial court enjoined the restrained parties and their agents and
affiliates Afrom
taking any action to interfere with or prevent PNC or its agents . . . from
entering the Premises and removing the Collateral.@  The order of temporary injunction was not
superseded.  Tex. R. App. P. 29. 
All of the parties to this appeal agree that PNC and its agents have now
removed all of the collateral from the said premises and have, in fact, already
sold the collateral.  The temporary injunction, therefore, is no longer
operative.

Appellants
request that we address the issue because the Acollateral
consequences@
exception to the mootness doctrine applies and because our determination would
affect the proceedings below, including their claims for wrongful injunction
and recovery of the temporary injunction bond.   

The
collateral consequences exception to the mootness doctrine may only be invoked
in narrow circumstances when concrete disadvantages and disabilities will
persist and continue to stigmatize after dismissal of the case as moot.  Marshall
v. Housing Auth. of the City of San Antonio, 198 S.W.3d 782, 788-89 (Tex.
2006).  The collateral consequence proffered by appellants is the deprivation
of possession of the property upon which they claimed a possessory lien.  We
hold that the collateral consequences exception does not apply under these
circumstances and that appellants have not shown that a concrete disadvantage
will persist.  See id. at 789.  Furthermore, we conclude that any
opinion regarding the validity of the now inoperative temporary injunction
would merely be advisory.  We decline to issue an impermissible advisory
opinion.

PNC=s motion to dismiss is
granted, and the appeal is dismissed as moot.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

September 24,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The temporary injunction was also entered against a
third party defendant, Mesquite Bean Properties, Inc., but Mesquite did not
appeal.